

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2321 | **DATE** | 1/24/2013 |
| **CASE TITLE** | Michele Peterson vs. Administrative Office of the Nineteenth Judicial Circuit | | |

**DOCKET ENTRY TEXT**

Defendant Administrative Office of the Nineteenth Judicial Circuit's Motion to Dismiss Plaintiff's Subsequent Amended Complaint [38] is granted in part and denied in part. The operative complaint consists only of the form "Complaint of Employment Discrimination," and Charge of Discrimination filed in the Illinois Human Rights Department and Equal Employment Opportunity Commission, incorporated by reference to Document 1 on the docket.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se Plaintiff Michele Peterson ("Plaintiff") sues Defendant Administrative Office of the Nineteenth Judicial Circuit ("Defendant") for alleged violations of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12132 et seq., for wrongful termination, failure to accommodate, and failure to stop harassment. Before the Court is Defendant's motion to dismiss Plaintiff's Amended Complaint, or in the alternative to dismiss portions of the Amended Complaint that go beyond the scope of Plaintiff's charges of discrimination filed in the Illinois Human Rights Department and Equal Employment Opportunity Commission. For the following reasons, the motion is granted in part and denied in part.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id. (quoting Twombly, 550 U.S. at 556). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citation omitted). The Court construes the Amended Complaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts alleged, and drawing all reasonable inferences in his favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008) (citations omitted).

Defendant argues that Plaintiff's Amended Complaint should be dismissed because it fails to comply with the Court's August 23, 2012 Opinion and Order, directing Plaintiff to file a complaint that complies with the Federal Rules of Civil Procedure governing pleadings. Plaintiff's submission, titled "Response to Refuse Dismissal," does not respond to this argument, or any other. Rather, Plaintiff expresses her feelings regarding her alleged mistreatment and wrongful termination, and provides a proposed settlement agreement.

Nevertheless, "[a] pro se plaintiff who has alleged well-pled facts supporting a claim for relief can withstand dismissal without responding to a motion to dismiss." Curtis v. Bembenek, 48 F.3d 281, 287 (7th Cir. 1995); see also Fells v. County of DuPage, No. 06 C 2519, 2006 WL 3692414, at *1 (N.D. Ill. Dec. 12, 2006).

Plaintiff's Amended Complaint consists of a one-page letter to the Court, a previously filed version of her form "Complaint of Employment Discrimination," a two-page typed narrative with a mix of unnumbered paragraphs, paragraphs bearing roman numerals, numbers, letters, and bullet points, a form "Summons in a Civil Case," and a second copy of the form complaint. Defendant argues that the Amended Complaint is redundant, lengthy, confusing, and virtually unanswerable. Rule 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8's provisions are rooted in fair notice; '[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.'" Tomas v. Ill. Dep't of Emp't Sec., Nos. 07 C 4542, 07 C 6274, 08 C 610, 2009 WL 2916840, at *2 (N.D. Ill. Sept. 2, 2009) (quoting Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994)) (alteration in original). Additionally, Rule 10(b) requires a party to state her claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Although courts are required to construe pro se pleadings liberally, "pro se litigants are not excused from compliance with procedural rules." Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008) (citations omitted). In its current form, Plaintiff's Amended Complaint is unanswerable and fails, in part, to comply with procedural rules. The Court, however, need not dismiss the Amended Complaint. "Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case." United States ex rel. Garst, 328 F.3d 374, 378 (7th Cir. 2003). The Court therefore dismisses the deficient allegations contained in the typed cover letter, and the two-paged typed narrative. Additionally, the Court strikes the form "Summons in a Civil Case," and the second copy of the form complaint as redundant and immaterial. Accordingly, the Amended Complaint consists only of the form complaint and, although it is not attached to the Amended Complaint, the Court incorporates by reference to Document 1 on the docket, the Charge of Discrimination filed in the Illinois Human Rights Department and Equal Employment Opportunity Commission. The allegations contained therein give Defendant fair notice of the claims against it, and are sufficient to satisfy Twombly and its progeny. Defendant's motion to dismiss Plaintiff's Amended Complaint is therefore granted in part and denied in part.

IT IS SO ORDERED.

U.S. DISTRICT COURT
CLERK
2013 JAN 28 AM 10:30